**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4150**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUAVANTE KORMIYON WINDLESS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Bruce H. Hendricks, District Judge. (6:17-cr-00524-BHH-1)

Submitted: August 23, 2018                    Decided: August 27, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quavante Kormiyon Windless appeals his 57-month sentence imposed following his guilty plea to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Windless' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious issues for appeal but questioning whether the district court imposed a reasonable sentence. Windless was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. We first consider whether the district court committed significant procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explaining the sentence imposed. *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017).

If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). We presume that a sentence within the properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Windless can rebut this presumption only "by showing that the sentence is unreasonable when measured against

the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Our review of the record reveals that Windless' sentence is reasonable. The district court properly calculated the Guidelines range, considered the parties' arguments and Windless' allocution, and provided a reasoned basis for the sentence it imposed, grounded in the § 3553(a) factors. In sentencing Windless at the bottom of the Guidelines range, the court acknowledged Windless' youth, his efforts at rehabilitation, and the dangerous conduct in which he engaged during his offense. The court recognized the need to promote respect for the law, to deter further crime, and to protect the public, but it ultimately imposed a sentence at the bottom of the applicable range based on its determination that Windless had taken his circumstances to heart and was attempting to change for the better. Although counsel questions the court's weighing of these factors, we conclude that Windless fails to rebut the presumption of reasonableness accorded his sentence. *See Vinson*, 852 F.3d at 357-58.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Windless, in writing, of the right to petition the Supreme Court of the United States for further review. If Windless requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Windless.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*